**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:26-cv-01128 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1. The Complaint is difficult to follow, consisting of a laundry list of assorted grievances, including break-ins and thefts that he experienced in shared housing and shelters, and an assault he endured at Bellevue Hospital. *See id*. at 1–2. Although Plaintiff asserts that he participates in an "unvouchered housing program," it is unclear if that program is federally funded, or has any association with the United States government. *See id.* at 2. Instead, he pivots, alleging that the "United States government prevented proper prosecution of [a] [previous] case" that he attempted to pursue. He demands equitable relief striking down privacy laws, shifting "the burden of liability" to landlords, and ensuring that "there is accommodation in the judicial system for litigants that are adversely affected by executive improprieties." *See id*. No other context or details are provided.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the

Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or the Defendant with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: June 1, 2026                              /s/ CHRISTOPHER R. COOPER
                                                United States District Judge